# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID PILCH,                                    15-CV-3667 (ERK)(CLP)

                **Plaintiff,**
  -against-

CLIPPER EQUITY, LLC and DAVID BISTRICER,

                **Defendants**

------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between DAVID PILCH, and said individual's attorneys (hereinafter, "PILCH"), and CLIPPER EQUITY, LLC and its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and DAVID BISTRICER, and said individual's successor and assigns (hereinafter, CLIPPER EQUITY, LLC and DAVID BISTRICER shall collectively be referred to as "CLIPPER").

A.    WHEREAS, PILCH has brought forth an action in the United States District Court, Eastern District of New York (15 Cv. 3667) against CLIPPER alleging claims pursuant to the Fair Labor Standards Act, the New York State Labor Law, and the regulations promulgated thereunder; and

B.    WHEREAS, CLIPPER has denied PILCH's claims; and

-1-

C.  WHEREAS, PILCH and CLIPPER wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation;

D.  WHEREAS, CLIPPER is willing to enter into this Agreement with PILCH and to provide PILCH with the consideration specified in Paragraph 1, below, in exchange for PILCH's promises set forth in this Agreement; and

E.  WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PILCH and the other promises set forth below, CLIPPER and PILCH, intending to be legally bound, agree as follows:

**1.  Consideration to be Provided to PILCH.**

In consideration for the promises made by PILCH set forth in this Agreement, CLIPPER promises to pay PILCH the total sum of Thirty-Nine Thousand Dollars ($39,000.00) to be apportioned and paid in three (3) checks as follows:

a.  Defendants agree to provide Plaintiff, through his counsel, with a check made payable to "David Pilch" in the sum of Eleven Thousand Five Hundred Sixty-one Dollars and Forty-six Cents ($11,561.46), less lawful deductions, apportioned as payment for alleged back wages;

b.  Defendants agree to provide Plaintiff, through his counsel, with a check made payable to "David Pilch" in the sum of Eleven Thousand Five Hundred Sixty-one Dollars and Forty-six Cents ($11,561.46), apportioned as payment for alleged interest and other alleged liquidated damages; and

  c. Defendants agree to provide Plaintiff, through his counsel, with a check made payable to "Serrins Fisher LLP," Tax ID No. 45-3913377, in the sum of Fifteen Thousand Eight Hundred Seventy-seven Dollars and Eight Cents ($15,877.08), apportioned as payment for Plaintiff's attorneys' fees and costs;

Such payments will be made within ten (10) business days of Court approval of this settlement agreement.

All payments to PILCH will be forwarded to PILCH's attorneys, SERRINS FISHER LLP, 233 Broadway, Suite 2340, New York, New York 10279. PILCH agrees that he will be responsible for any taxes due on the said consideration and agrees to indemnify and hold harmless CLIPPER for any such liability. Prior to such payment being made, PILCH will forward to CLIPPER's counsel a properly executed W-4 and W-9 and PILCH's attorney will forward to CLIPPER's counsel a properly executed W-9.

After the end of calendar year 2016, Defendants will issue an Internal Revenue Service ("IRS") form 1099 to "Serrins Fisher LLP" (Tax Identification No. 45-3913377), which reflects the Settlement Amount set forth in Paragraph 1(c) above. In addition, Defendant will issue an IRS form 1099 to Plaintiff for the total settlement sum set forth in Paragraph 1(b) above and IRS form W-2 to Plaintiff for the total settlement sum set forth in Paragraph 1(a) above. PILCH agrees that he will be responsible for employee's portion of his taxes received pursuant to this Settlement Agreement and agrees to hold CLIPPER harmless in relation to such employee taxes.

  2. **Adequate Consideration.**

PILCH expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement

and for the obligations imposed upon him by virtue of this Agreement. PILCH expressly agrees and acknowledges that CLIPPER has promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PILCH in this Agreement.

3.   **General Release of Claims.**

PILCH voluntarily and irrevocably releases and forever discharges CLIPPER from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement. The disputes released by PILCH include, but are not limited to, any and all disputes against CLIPPER concerning PILCH's employment with or arising from his employment with CLIPPER and its direct and indirect affiliates, individually and/or collectively.

The disputes released by PILCH herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, statute, or any other basis. This release includes all disputes by which PILCH could seek equitable relief, actual compensatory, consequential, liquidated, punitive, special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by PILCH include, but are not limited to, any and all disputes against CLIPPER concerning PILCH's employment with or arising from his employment with CLIPPER, including, without limitation, claims relating to the Federal Fair Labor Standards Act of 1938, the New York Labor Law §§ 190 *et seq.*, 660 *et seq.*, New York Business Corporation Law § 630, Federal and State regulations relating to the

FLSA and New York wage-hour and wage-payment laws, and any other federal and state employment-related statutes and regulations, and any other employment-related local ordinance. The disputes released by PILCH also include any and all disputes he has or may believe to have against CLIPPER in contract or at common law, including, but not limited to, breach of oral, written, and/or implied contract, breach of an implied covenant of good faith and fair dealing, quantum meruit and/or unjust enrichment. Defendants voluntarily release and forever discharge PILCH of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Plaintiff as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted.

4. **Affirmations By PILCH.**

a. PILCH agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf, individually or jointly, by any other person or entity, including, but not limited to, the United States Department of Labor, the New York State Department of Labor, the United States Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights, the New York State Workers' Compensation Board or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court.

b. As a result of this settlement, PILCH admits and affirms that he: (i) has had

an opportunity to consult with his attorney whether this settlement is reasonable and fully satisfies his claims against CLIPPER; (ii) has reported all hours that he allegedly worked in his Complaint that he filed with the Eastern District of New York and to CLIPPER in connection with the filing of such Complaint; (iii) understands that the consideration set forth in Paragraph 1 of this Agreement shall not be considered wages for purposes of pension or any other employment related benefits; and (iv) understands that he is not entitled to monies, relief or recovery whatsoever, except as set forth in Paragraph 1 of this Agreement.

    c.    PILCH represents, warrants and acknowledges that there are bona fide disputes between CLIPPER and PILCH as to whether PILCH is entitled to receive unpaid wages or overtime as alleged.

    d.    PILCH affirms his understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 3 (including the Fair Labor Standards Act), is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement and continues to run.

    e.    PILCH is not a Medicare beneficiary as of the date of this release, and no conditional payments have been made by Medicare for any reason whatsoever.

    f.    PILCH has entered into this Agreement under his own free will and volition upon consultation with his attorney.

    5.    **No Lawsuits or Claims.**

PILCH promises and agrees he has not initiated and he will not personally initiate any employment related lawsuit or claim against CLIPPER before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign), with respect to any

alleged acts occurring before the effective date of this Agreement other than the action brought in the United States District Court, Eastern District of New York (15 Civ. 3667). PILCH agrees that with respect to the claims he is waiving, to the extent a claim is brought on his behalf by a third party, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity, including, but not limited to, the United States Department of Labor and/or the New York State Department of Labor.

Defendants agree not to contest or appeal any application PILCH makes or has made for unemployment insurance benefits.

6. **Non-Disparagement.**

PILCH agrees that he will not make any comments to any third party that will disparage CLIPPER or any of CLIPPER'S officers and/or employees. Such disparaging comments may include comments concerning the quality of work performed by CLIPPER, its officers and employees, and/or other communications which might otherwise impair the reputation of CLIPPER, its officers and employees. Likewise, CLIPPER's officers agree not to make any comments to any third party that will disparage PILCH, such as comments concerning PILCH's work performance. PILCH further agrees that he will not visit or access any properties owned and/or operated by CLIPPER and will not contact other employees working at CLIPPER. Further, Clipper agrees that to the extent any prospective employer of PILCH seeks information relating to PILCH's employment by CLIPPER, CLIPPER will notify such prospective employer that its policy is to not provide any information relating to former employees.

7.   **No Admission of Liability or Wrongdoing.**

PILCH agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by CLIPPER. CLIPPER denies that it engaged in any wrongdoing of any kind with respect to PILCH.

8.   **Breach.**

Should a court of competent jurisdiction determine PILCH breached paragraph 6 of this Agreement, CLIPPER shall no longer have any further obligations to provide PILCH with any of the consideration specified in this Agreement, and PILCH shall forfeit Five Thousand Dollars ($5,000.00) as liquidated damages for the breach.

In the event that any Party or Parties to this Agreement breach, violate, fail, or refuse to comply with any of the provisions, terms or conditions, or any warranties or representations of this Agreement (the "Breach"), the non-breaching Party or Parties are entitled to recover against the breaching Party or Parties damages, including costs, expenses, and reasonable attorneys' fees accruing to the non-breaching Party or Parties as a consequence of the Breach (including those incurred during appeals and collection proceedings).

In the event that any Party accuses another Party of breaching this Agreement and a trier of fact determines that no breach occurred, the accused Party shall recover against the accusing Party damages, including costs, expenses, and reasonable attorneys' fees accruing to the accused Party or Parties as a consequence of the Breach (including those incurred during appeals and collection proceedings).

9.   **Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the

terms and legal effects of this Agreement from counsel of their choosing. PILCH hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

**10. Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

**11. Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

**12. Disputes; Damages.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

**13. Waiting Period, Right of Revocation, Effective Date.**

PILCH acknowledges that he has been provided with a reasonable period of time within

-9-

which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which PILCH signs this Agreement.

### 14. Entire Agreement.

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. All parties represent and agree that this Agreement is a single, integrated contract expressing the entire agreement of the parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PILCH and representatives of CLIPPER.

PILCH states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

### 15. Execution in Counterparts.

This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE

SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PILCH FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST CLIPPER.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

_____
DAVID PILCH

Date:

Sworn to and subscribed before me this
12 day of April, 2016.

_____
Notary Public, State of New York

IRIS A. RODRIGUEZ
Notary Public, State of New York
No. 01RO6047475
Qualified in ORANGE County
Commission Expires 8/28/2018

Print Name: IRIS A. RODRIGUEZ

_____
CLIPPER EQUITY, LLC.
By: David Bistricer

Date: 3/30/16

Sworn to and subscribed before me this
30 day of March, 2016.

_____
Notary Public, State of New York

HILLARY MARIE CHARBONNEAU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CH6306477
Qualified in Kings County
My Commission Expires June 23, 2018

Print Name: Hillary Charbonneau

-12-

_____
DAVID BISTRICER

Date: 3/30/16

Sworn to and subscribed before me this
30 day of March , 2016.

Notary Public, State of New York

Print Name: Hillary Charbonneau

HILLARY MARIE CHARBONNEAU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CH6306477
Qualified in Kings County
My Commission Expires June 23, 2018