UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID PILCH,

                                Plaintiff,

- against -

CLIPPER EQUITY LLC and DAVID
BISTRICER,

                                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15 CV 3667 (CLP)

**POLLAK**, United States Magistrate Judge:

On June 23, 2015, plaintiff David Pilch commenced this action against Clipper Equity LLC and David Bistricer (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

After proceeding through the early stages of discovery before the undersigned, the parties notified the Court on February 9, 2016 that a preliminary settlement had been reached. On February 10, 2016, the parties consented to proceed before the undersigned. The parties were able to finalize the terms of the settlement at a settlement conference held before the undersigned on March 9, 2016. In light of the Second Circuit's recent clarification that judicial approval is required to effectuate the settlement of a plaintiff's claims under the FLSA, see Cheeks v. Freeport Pancake House, Inc., No. 14 CV 299, 2015 WL 4664283 (2d Cir. Aug. 7, 2015), the Court scheduled a hearing for April 22, 2016 to determine the fairness of the settlement. The parties briefed the issue in advance of the hearing. At the hearing, however, the Court noted several issues with the proposed settlement, particularly with respect to the allocation of funds for attorneys' fees. Accordingly, the Court reserved decision as to the fairness of the settlement, and directed

plaintiff's counsel to submit supplemental information in support of the request for attorneys' fees after the hearing. Plaintiff's counsel supplemented his request for fees on April 29, 2016, providing detailed billing records documenting the time spent litigating this matter, as required by New York State Association For Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983).

Having reviewed the parties' submissions and considered the testimony adduced at the fairness hearing, the Court approves the settlement, but with a modification as to the attorneys' fees provision. Counsel's compensation shall be reduced to one third of the settlement agreement, for a total fee award of $13,000.00.

## DISCUSSION

### A. Judicial Review of a FLSA Settlement

The Second Circuit has held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Thus, in this case, the Court is required to assess the fairness and reasonableness of the settlement agreement.

In considering whether to approve an FLSA settlement, courts look at whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). In making this determination, the court typically examines the following factors: (1) the complexity, expense, and

likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation. Tillman v. Luray's Travel, No. 14 CV 105, 2015 U.S. Dist. LEXIS 157162, at *2 (E.D.N.Y. Nov. 20, 2015) (citing Peralta v. Allied Contracting II Corp., No. 09 CV 953, 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011), report and recommendation adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011)).

In this case, the parties have agreed to settle the case for $39,000.00, to be paid in a series of three installments: (1) one payment of $11,561.46, less lawful deductions, representing unpaid wages; (2) one payment of $11,561.46, representing interest and liquidated damages; and (3) one payment of $15,877.08, representing attorneys' fees. (Agr.[1] ¶¶ 1(a), 1(b), 1(c)). Totaling these figures, it appears that under the proposed settlement, the plaintiff will receive $23,122.92 and plaintiff's counsel will receive $15,877.08.

Having supervised pretrial discovery, facilitated settlement negotiations, and met with the parties several times, the Court has analyzed the total settlement award in light of the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. This Court is cognizant of the many issues that would require further discovery and the risks of litigation if the case were to proceed, and concludes that the overall amount of the settlement — $39,000.00 — is reasonable.

---

[1] Citations to "Agr." refer to the Proposed Settlement Agreement, attached to plaintiff's motion for settlement approval filed on April 13, 2016.

3

B. <u>Attorneys' Fees</u>

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In an individual FLSA action where the parties settled on the fee through negotiation, there is "a greater range of reasonableness for approving attorney's fees." <u>Velasquez v. SAFI-G, Inc.</u>, No. 15 CV 3068, 2015 WL 5915843, at *2 (S.D.N.Y. Oct. 7, 2015) (quoting <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d at 336). Nevertheless, "in such cases, the Court must assess the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" <u>Id.</u>; see also <u>Encalada v. Baybridge Enterprises Ltd.</u>, No. 14 CV 3113, 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014) (explaining when all parties are satisfied with the settlement, "the Court's primary function is to make sure that some of the plaintiff's recovery has not been unreasonably diverted to pay his attorney a greater fee than that to which he is entitled"). Thus, courts are instructed to consider "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." <u>Lopez v. Ploy Dee, Inc.</u>, No. 15 CV 647, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016).

In light of the policy considerations underlying <u>Cheeks</u>, "[c]ourts evaluating the fairness of FLSA settlements must consider whether a proposed award of attorneys' fees is reasonable." <u>Banegas v. Mirador Corp.</u>, No. 14 CV 8491, 2016 WL 1451550, at *3 (S.D.N.Y. Apr. 12, 2016). To determine the reasonableness of a proposed fee award, "[c]ounsel must provide a factual basis for a fee award, typically with contemporaneous time records." <u>Guareno v. Vincent Periot, Inc.</u>, No. 14 CV 1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014). The need for proper

4

documentation becomes even more important where the portion of the settlement allocated for attorneys' fees is significantly higher than the 30%-33.5% typically awarded in this circuit. See Banegas v. Mirador Corp., 2016 WL 1451550, at *3 (noting that detailed billing records were "particularly important" in light of counsel's request for 40% of the settlement agreement); Thornhill v. CVS Pharmacy, Inc., No. 13 CV 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases to support the proposition that "[i]n this Circuit, courts typically approve attorney's fees that range between 30 and 33[.5] [percent]"). A settlement agreement which allocates more than 33.5% of the total amount to pay attorneys' fees will only be approved in "extraordinary cases." Lopez v. Poko-St. Ann L.P., No. 15 CV 4980, 2016 WL 1319088, at *2 (S.D.N.Y. Apr. 4, 2016).

As discussed above, the Court has determined that the overall settlement amount in this case is fair and reasonable. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 200. However, the settlement agreement in this matter provides that a total of $15,877.08 of the $39,000.00 settlement — equal to 40.71% of the overall settlement — will be paid to plaintiff's counsel. (See Agr. ¶ 1(c)). Thus, the Court will only approve the settlement and this award of fees if plaintiffs' counsel can demonstrate that this is an "extraordinary case" warranting an upward departure from the range of reasonable fees approved in this circuit.[2]

---

[2] This concern is particularly acute because under the proposed settlement, plaintiff will receive $23,122.92. The allegations in the Complaint, however, suggest that plaintiff was not paid for approximately 20 hours of overtime each two-week pay period for approximately one year, totaling over 500 hours of work. (Compl. ¶ 31). Citations to "Compl." refer to the Complaint filed by the plaintiff on June 23, 2015. Using plaintiff's alleged regular rate of pay of $25 per hour (id. ¶ 33) and the resulting overtime rate of $37.50 per hour, plaintiff's unpaid overtime wages would thus total over $19,000.00, despite plaintiff's counsel assertion that "[p]laintiff was owed approximately $8,206.25 in overtime." (Pl. Ltr. at 2). Citations to "Pl. Ltr." refer to the Letter Motion for Settlement Approval, filed on April 13, 2016.

5

Plaintiff's counsel explains this unusually high fee arrangement in light of the "strong presumption that the lodestar amount . . . represents a reasonable fee." (Pl. Ltr. at 3 (citing Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 336)). Counsel further explains that, using a "conservative hourly rate of $200.00 per hour," the lodestar results in a presumptive fee award greater than that being requested here.[3] (Id.) In support of this assertion, plaintiff's counsel has submitted contemporaneous billing records indicating that he spent 102.2 hours litigating this case. (See generally Bill. St.[4]). Having reviewed the billing statement, the Court is unable to find the proposed fee arrangement reasonable.

1. Reasonable Hourly Rate

The party seeking fees has the burden to establish the prevailing market rate. See Spencer v. City of New York, No. 06 CV 2852, 2013 U.S. Dist. LEXIS 161693, at *9 (S.D.N.Y. Nov. 12, 2013). Counsel must demonstrate "'by satisfactory evidence — in addition to the attorney's own affidavits [ — ]'" that the hourly rate being requested is the prevailing market rate in that locale. Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). In determining the reasonableness of an hourly rate, the qualifications of counsel are a relevant factor to be considered by the Court; courts in this district have held that "[t]he highest rates in this district are reserved for expert trial attorneys with extensive experience

---

[3]Plaintiff's counsel explains that the lodestar award using a blended $200.00 hourly rate would total $20,820.00. (Pl. Ltr. at 3). The billing records submitted in support of the fee request, however, indicate that a blended rate was not used; the lodestar amount contained in these billing records is $30,043.00. See Letter in Support of Settlement Approval, Ex. A at 18.

[4]Citations to "Bill. St." refer to the Billing Statement attached to the Letter in Support of Settlement Approval, filed on April 29, 2016.

6

before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their field." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 230 (E.D.N.Y. 2012).

Here, the billing records indicate that work on the case was performed by several individuals: (1) Corey Stein, Esq., a junior associate, who billed at a rate of $275.00 per hour (see Pl. Ltr. at 3; see also Bill. St.); (2) "A. Serrins," an individual with respect to whom no information is provided,[5] but who appears to bill at a rate of $545.00 per hour (see, e.g., Bill. St. at 10, 14, 15, 17); and (3) "Anne Marie Effingham," another individual with respect to whom no information is provided, but who only bills at a rate of $175.00 per hour. (See, e.g., Bill. St. at 13). The Court notes that the rate requested for A. Serrins is inconsistent with the hourly rates generally awarded in this district to even the most experienced attorneys. See, e.g., Apolinario v. Luis Angie Deli Grocery Inc., No. 14 CV 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) (noting that "courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience"); Bosoro v. American Comprehensive Healthcare Med. Grp., No. 14 CV 1099, 2015 WL 5676679, at *9 (E.D.N.Y. Aug. 31, 2015), report and recommendation adopted, 2015 WL 5686481 (E.D.N.Y. Sept. 25, 2015) (stating that "prevailing hourly rates in the Eastern District of New York [are] between $350 and $400 for law firm partners"). However, without any information as to the qualifications of any of these individuals, the Court has no basis with which to evaluate the proposed hourly rate for each individual.

---

[5] These entries may refer to Alan G. Serrins, listed as another attorney for plaintiff on the docket sheet.

7

### 2. Reasonable Number of Hours

When considering an application for fees in a fee-shifting case, even if counsel provides some contemporaneous time records, a trial court may reduce the claimed hours and, accordingly, counsel's award, where proposed billing schedules are unsupported by evidence or objectively unreasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433-434 (1983) (explaining that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended'") (internal citations omitted). If the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." Louis Vuitton Malletier, S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012); see also Struthers v. City of New York, No. 12 CV 242, 2013 WL 5407221, at *8-9 (E.D.N.Y. Sept. 25, 2013) (reducing fees because those requested for responding to motion papers were "excessive"); Ehrlich v. Royal Oak Fin. Servs., No. 12 CV 3551, 2012 WL 5438942, at *3-4 (E.D.N.Y. Nov. 7, 2012) (reducing attorney's fees because the attorney's billing records contained duplicative entries, and his litigation of the suit made apparent his "lack of experience"); Quinn v. Nassau Cnty. Police Dep't, 75 F. Supp. 2d 74, 78 (E.D.N.Y. 1999) (reducing one attorney's fees by 20% and another's by 30% for unnecessary and redundant time); American Lung Ass'n v. Reilly, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (finding that the "use of so many lawyers for relatively straightforward legal tasks was excessive and led to duplication of work" and deducting 40% of plaintiffs' lawyer's hours).

Where entries on a time sheet are vague or duplicative or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an "across-the-board reduction, or percentage cut, in the amount of hours." T.S. Haulers, Inc. v. Cardinale, No. 09 CV

451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) (citing Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010)).

In analyzing the reasonableness of the amount allocated for fees as part of the settlement, the Court has examined counsel's billing records, which indicate that a total of 102.2 hours were spent litigating the case. Having reviewed the entries contained therein, the Court finds that several of the entries are confusing, vague, or redundant. For example, counsel's records reflect time spent for communications with several individuals or entities whose identities are not explained. (See, e.g., Bill St. at 3-4, 7, 9, 13 (counting time for "draft[ing] and finaliz[ing] letters to Gotham," "PC with Mr. Gringer," "PC with Gotham re: pick up," "[l]eav[ing] VM for Mr. Gringer," "[c]onfer[ring] with MT re: settlement strategy," "[c]onfer[ring] with LF re: initial disclosures," "submit[ting] mailing expenses to CE")). Further, counsel appears to have included entries related to a separate matter in his records. (See Bill. St. at 5 (requesting fees for time spent on a phone call with the client "re: unemployment hearing")).

Counsel's entries also include travel time, without appropriately billing such time at a 50% hourly rate, as is required in this circuit. See Barfield v. New York City Health & Hospitals Corp., 537 F.3d 132, 139 (2d Cir. 2008) (affirming district court's determination that "travel time by counsel should be compensated at half-rate, in accordance with established court custom"); Douyon v. New York Medical Health Care, P.C., 49 F. Supp. 3d 328 (E.D.N.Y. 2014) (describing a 50% billing rate for travel time as "governing law" in this circuit); Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 881 F. Supp. 2d 482, 490-91 (S.D.N.Y. 2012) (explaining that "courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent").

Finally, it appears that counsel spent an excessive amount of time on certain aspects of the litigation. For example, counsel has billed for a total of over ten hours spent providing his client

9

with "case updates." (See generally Bill. St.). Given the relatively straightforward nature of this action, the need for such frequent and lengthy status updates to the client is unclear to the Court. Similarly, counsel has billed over ten hours for drafting responses to document requests and interrogatories. (Id. at 9). Thereafter, counsel spent nearly four hours researching and drafting a two-page motion to compel. (Id. at 11). Having supervised discovery in this case, the Court finds such requests to be unreasonably high.

Given these issues with counsel's proposed fee arrangement, and in light of this Court's understanding of the relatively straightforward nature of this case, the Court finds that the lodestar calculation does not support plaintiff's counsel's request for a disproportionately high percentage of the overall settlement. Accordingly, the Court cannot approve the proposed settlement agreement as fair and reasonable with respect to the attorneys' fees provisions.

C. Remedies for an Impermissible Fee Structure

Having found that the fees requested by plaintiff's counsel are unreasonable, both in terms of the portion of the settlement funds they represent and the amount of time counsel actually spent on this case, the Court must determine the appropriate action. The relatively few courts to have considered the question in this circuit have not reached a consensus on whether an unreasonable fee arrangement necessitates rejection of the settlement altogether, or simply a reduction of the portion of the settlement funds received by the attorneys. Compare Banegas v. Mirador Corp., 2016 WL 1451550, at *3-*4 (rejecting a settlement of FLSA claims in part because the attorneys' fee provisions were impermissible); Lopez v. Poko-St. Ann L.P., 2016 WL 1319088, at *4 (same); Thallapaka v. Sheridan Hotel Assocs., No. 15 CV 1321, 2015 WL 5148867, at *2 (S.D.N.Y. Aug. 17, 2015) (same), with Encalada v. Baybridge Enterprises Ltd., 2014 WL 4374495, at *2-3

(approving the settlement as modified to lower attorneys' fees by close to 50%); Aguilera v. Cookie Panache ex rel. Between the Bread, Ltd., No. 13 CV 6071, 2014 WL 2115143, at *3-*4 (S.D.N.Y. May 20, 2014) (approving the settlement after modifying the provisions relating to attorneys' fees); Agudelo v. E&D LLC, No. 12 CV 960, 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) (reducing attorneys' fees by close to $5,000.00, but approving the settlement nonetheless).

In the absence of guidance from the Second Circuit as to which avenue is more appropriate, this Court is inclined to agree with the latter approach, in light of the litigants' interests in expeditious resolution of this action. Here, where the Court supervised settlement negotiations and carefully considered the risks and benefits to both sides in settling for the overall settlement amount of $39,000.00, rejecting the settlement altogether simply because of the disproportionately high attorneys' fee portion does not appear to serve the interest of either the plaintiff or the defendants. Rather than sending the attorneys back to negotiate a new settlement or to negotiate a fee adjustment, which would then once more be subject to Court review and which might still present the same problem of an excessive fee percentage, the Court believes that judicial adjustment of the attorneys' fees produces the better outcome overall, expediting plaintiff's recovery. The Court is particularly concerned with the possibility that an attorney's insistence on excess recovery could delay vindication of a plaintiff's rights under law.

Accordingly, the Court reduces the fee award to $13,000.00, representing 33.33% of the total settlement. This sum better balances the plaintiff's interests in recovering his unpaid wages with counsel's interest in adequate compensation, and brings the award in line with precedent in this circuit.

## CONCLUSION

In light of the foregoing, the Court approves the settlement agreement, but with the modification discussed above: the plaintiff shall receive $26,000.00 of the total settlement amount, and plaintiff's counsel shall receive $13,000.00 in attorneys' fees.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 20, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York